UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PANAGIOTIS M. MASOURAS and
TROY L. SHELL,

    Plaintiffs,

v.                        Case No.: 2:19-cv-848-FtM-38MRM

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Panagiotis Masouras and Troy Shell's Motion to Remand. (Doc. 11). Defendant Lexington Insurance Company filed a Response in Opposition. (Doc. 24). For the reasons below, the Motion is granted.

## **BACKGROUND**

In this insurance coverage dispute Plaintiffs claim that Lexington acted in bad faith under §§ 624.155, and 626.9541 Fla. Stat. (Doc. 9 at 1). Years ago, Plaintiffs obtained a homeowner's insurance policy from Lexington. (Doc. 9 at 2). The policy was in effect when Hurricane Irma blew through Florida and damaged Plaintiffs' home. (Doc. 9 at 2). Coverage was not disputed but the parties could not agree on the cost to repair the damage. (Doc. 9 at 2). After more than a year of back and forth with Lexington over price estimates and partial payments, Plaintiffs filed a one-count Complaint for bad faith in state

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

court. (Doc. 9 at 2-6). Then, Lexington removed the case to this Court, citing diversity jurisdiction. (Doc. 1 at 2).

## DISCUSSION

A defendant may remove any civil action from state to federal court over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Such original jurisdiction includes cases where there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). When scrutinizing the amount in controversy requirement, a court "focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citation omitted). When damages are not specified in the complaint, "the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007) (citation omitted). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly" and resolve "all doubts about jurisdiction… in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).

Here, the parties agree that there is complete diversity of citizenship, but Plaintiffs argue that Lexington has not met the amount in controversy requirement. (Doc. 11 at 2). Lexington offers three theories to bring the case up to the required $75,000. First, that Plaintiffs' potential attorney's fees recovery should be included. (Doc. 24 at 2). Second, that Plaintiffs may receive consequential and punitive damages if they win. (Doc. 24 at 2). And finally, that Plaintiffs sent a pre-suit demand that well-exceeds the $75,000 bar.

(Doc. 24 at 2-3). Although Plaintiffs' Complaint is for an unspecified amount, in moving to remand Plaintiffs provide a detailed list of "extra-contractual damages" totaling $41,816.74 that had been incurred at the time of removal:

| Attorney's fees paid in underlying claim | $26,344.48 |
| --- | --- |
| Expert costs paid in underlying claim | $2,627.50 |
| Appraisal fees | $5,973.44 |
| Unpaid mold damages | $1,698.24 |
| Prejudgment interest on the foregoing | $5,173.08 |
| **TOTAL** | **$41,816.74** |

(Doc. 11 at 2). The amounts are supported by the Affidavit of Panagiotis M. Masouras (Doc. 11-1). Although labeled as a list of "extra-contractual damages," the list clearly includes a prejudgment interest amount of $5,173.08, which is not included in determining the amount in controversy. See 28 U.S.C. § 1332(a).

### A. Attorney's Fees

The Eleventh Circuit has not directly answered whether the amount of *anticipated* fees in a removal case go toward the amount in controversy and district courts are split. *Iglesia La Nueva Jerusalem, Inc. v. Ohio Sec. Ins. Co.*, No. 618CV1813ORL28KRS, 2019 WL 479673, at *2 (M.D. Fla. Feb. 7, 2019). However, the general consensus among the federal district courts in Florida is that only attorney's fees accrued at the time of removal go toward the amount in controversy. *Id.* (collecting cases). As the court in *Iglesia* said, "there is no reason to deviate from the general rule that in a removed case the amount in controversy is determined as of the time of removal, to include a highly speculative amount of attorney's fees estimated through trial." *Id.* at *3. The Court sees no need to deviate as well. See also *Waltemyer v. Northwestern Mutual Life Ins. Co.*, No. 2:06-cv-597-FtM-29DNF, 2007 WL 419663, at *2 (M.D. Fla. Feb. 2, 2007) (noting in a removal

case that "subsequent matters which affect the amount in controversy will not retroactively establish jurisdiction"); *Poudy v. Texas Roadhouse Management Corp.*, No. 2:17-cv-715-FtM-99CM, 2018 WL 495343, at *3 (M.D. Fla. Jan. 22, 2018).

Therefore, in line with the majority of Florida federal district courts, only attorney's fees accrued at the time of removal go toward the amount in controversy. Here, Lexington provided nothing in its Notice of Removal, or its Response to the Motion to Remand, to show that Plaintiffs' attorneys' fees *at the time of removal* meet the amount in controversy requirement and Defendant otherwise provides no estimate of fees accrued as of the date of removal. However, the Court will consider the amount of attorney's fees that Plaintiffs admits had accrued as of the time of removal ($26,344,48).

### B. Consequential Damages

Plaintiffs' Complaint alleges the following damages: appraisal fees, lost income, unpaid mold damages, loss of use of money, loss of time and expenses, and consequential damages caused by the wrongful adjustment, delay, and improper handling of their claim. (Doc. 9 at ¶ 57). The Eleventh Circuit requires that when a complaint omits a specific alleges as to the damages amount (as in this case), "the removing defendant must prove by a preponderance of the evidence that the amount in controversy is adequate." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010). Defendant may meet its burden "by establishing that it is 'facially apparent' that the claims probably exceed $75,000." *Id.* Defendant has failed to meet its burden here. Defendant provides the Court with no information to determine what the consequential damages in this case could be, leaving the Court with nothing but speculation.

Lexington's conclusory statements that the jurisdictional amount is satisfied is not enough. The Complaint generally lists categories of damages, but it does not support these general allegations with specific facts, injuries, jobs, careers, or dollar amounts. Plaintiff does admit to certain amounts it incurred as of the date of removal that could be considered "damages" - the mold amount ($1,698.24), as well as "expert costs" ($2,627.50) and "appraisal fees." ($5,973.44) for a total of $10,299.18. But it is not entirely clear that these amounts would qualify as damages and even if the Court assumes that they are, the total, plus the amount of attorney's fees as discussed above ($26,344,48), would not reach the jurisdictional threshold.

**C. Punitive Damages**

As for punitive damages, Florida's insurance code allows for the recovery of punitive damages only when an insurance company's bad faith actions were willful, malicious, or reckless towards the rights of the policyholder. *See* Fla. Stat. § 155(5). Punitive damages must be considered when determining the amount in controversy. *See* *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010) (citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

However, again, Defendant provides the Court with no information to assess what amount of punitive damages could be awarded in this case and the Court will not speculate as to a large punitive damages award when Defendant has made no argument in support. *See* *Lowery*, 483 F.3d at 1215 ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.").

**C. Pre-Suit Demand**

Reaching Lexington's final argument, when a pre-suit demand letter is devoid of facts, the claim may be considered merely as posturing. *Zabic v. Verizon Wireless Services, LLC*, No. 8:15-CV-2565-T-33AEP, 2015 WL 9267693, at *5 (M.D. Fla. Dec. 19, 2015) (finding the amount in controversy was not satisfied despite the plaintiff's settlement offer of $2 million because the offer contained no tangible supporting proof). Conversely, when a pre-suit settlement offer provides a detailed account of the damages sought, a court will likely consider that as evidence of meeting the amount in controversy. *Middleton v. State Farm Mut. Auto. Ins. Co.*, No. 3:11-CV-1052-J-37JBT, 2012 WL 230025, at *3 (M.D. Fla. Jan. 25, 2012) (finding the amount in controversy was satisfied based on a settlement offer letter that specifically detailed the plaintiff's injuries along with past and future medical expenses).

Here, Lexington does not attach the pre-suit demand letter to its Notice of Removal or to its Response to the Motion to Remand because the letter was confidential. (Doc. 24 at 2). Lexington has not otherwise requested to supplement its Notice of Removal with the letter. Therefore, the only information before the Court is Lexington's assertion that the demand was well in excess of $75,000. (Doc. 24 at 2). Because a settlement offer greater than the jurisdictional requirement alone is not enough, and given the lack of supporting proof, Lexington's argument fails on this ground. At bottom, Lexington has not shown by a preponderance of the evidence that the amount in controversy requirement is satisfied.

**D. Plaintiffs' Costs and Expenses**

Plaintiffs seek to recover their reasonable costs and expenses in responding to Defendant's Notice of Removal pursuant to 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The decision of whether to award attorney's fees under § 1447(c) lies at the Court's discretion. *Liebig v. DeJoy*, 814 F. Supp. 1074, 1077 (M.D. Fla. 1993) (internal citations omitted). The Supreme Court clarified the standard for awarding attorney's fees in removal cases, stating that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court finds based upon the briefing submitted to the Court that Defendant had an objectively reasonable basis for seeking removal in this case. Therefore, Plaintiffs' request for removal costs and expenses is denied.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Panagiotis Masouras and Troy Shell's Motion to Remand (Doc. 11) is **GRANTED** and this matter is **REMANDED**.

2. The Clerk is directed to remand this case to the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, and to transmit a certified copy of this Opinion and Order to the Clerk of that Court.

3. The Clerk is directed to **CLOSE** this case, deny as moot all pending motions, and terminate all deadlines.

**DONE** and **ORDERED** in Fort Myers, Florida on this 23rd day of January 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record